PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW          WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

WRITER'S DIRECT DIAL NUMBER

(202) 223-7325

WRITER'S DIRECT FACSIMILE

(202) 204-7397

WRITER'S DIRECT E-MAIL ADDRESS

kshanmugam@paulweiss.com

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

20 AIR STREET
LONDON W1B 5AN, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

2029 CENTURY PARK EAST, SUITE 2000
LOS ANGELES, CALIFORNIA 90067-3006
TELEPHONE: (310) 982-4350

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

1313 NORTH MARKET STREET, SUITE 806
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

August 12, 2024

**VIA ELECTRONIC FILING**

Molly C. Dwyer, Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

      Re:      *Simon and Simon, PC, et al.* v. *Align Technology, Inc.*,
              No. 24-1703

Dear Ms. Dwyer:

      On July 22, 2024, the parties filed a joint motion for a limited remand so that they could move in the district court to correct the judgment under Federal Rule of Civil Procedure 60(a). C.A. Dkt. 41. On August 2, 2024, this Court granted the remand motion and stayed briefing pending the district court's resolution of the motion to correct the judgment. C.A. Dkt. 46, at 1-2. On August 12, 2024, the district court granted the motion to correct the judgment and entered a revised judgment. D. Ct. Dkt. 464 (Exhibit A). Accordingly, appellee Align Technology, Inc., respectfully requests that this Court reinstate the briefing schedule in this appeal.

      Respectfully submitted,

      /s/ Kannon K. Shanmugam
      Kannon K. Shanmugam

cc:      Counsel of record (via electronic filing)

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

SIMON    SIMON, PC d/b/a CITY SMILES
and VIP DENTAL SPAS, individually and on
behalf of others similarly situated,

           Plaintiffs,

   vs.

ALIGN TECHNOLOGY, INC.,

           Defendant.

CASE NO. 3:20-CV-03754-VC

**[PROPOSED] ORDER GRANTING
STIPULATED REQUEST FOR AN
ORDER AMENDING JUDGMENT TO
CONFORM WITH FEDERAL RULE
OF CIVIL PROCEDURE 23(C)(3) AND
AMENDED JUDGMENT**

---

CASE NO. 3:20-CV-03754-VC

[PROPOSED] ORDER AND AMENDED
JUDGMENT

# [PROPOSED] ORDER

On March 22, 2024, the Court entered final judgment in favor of Align Technology, Inc. ("Align") and against the plaintiffs in this action pursuant to Rule 54(b) of the Federal Rules of Civil Procedure ("Rule") (ECF No. 444) (the "Simon Judgment").

Having considered the parties' Stipulated Request for an Order Amending Judgment to Conform with Rule 23(c)(3), as well as Rule 23(c)(3) itself, the Court finds that the Simon Judgment inadvertently did not include certain information required by Rule 23(c)(3), which provides that, if a class is certified under Rule 23(b)(3), the judgment must "include and specify or describe those to whom the Rule 23(c)(2) notice was directed, who have not requested exclusion, and whom the court finds to be class members."

Now, therefore, pursuant to Rule 60(a), which permits the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment," the Court hereby amends the Simon Judgment to include the following language, as reflected in Exhibit A (Amended Simon Judgment):

Consistent with the Court's Order Granting in Part and Denying in Part the Motions for Class Certification (ECF No. 370), and the Court's Orders approving Manner and Form of Class Notice (ECF No. 391), this Judgment applies to all members of the following certified class, with the exception of those individuals who timely requested exclusion as identified in Attachment 8 to the Declaration of Cameron R. Azari, Esq. Regarding Implementation of Notice Program (ECF No. 446-1 (identifying 20 individuals)):

**Direct Purchasers Class**. All persons or entities in the United States that purchased Invisalign Aligners directly from Defendant Align Technology, Inc. during the period beginning January 1, 2019 through March 31, 2022 (the "Class Period"). Excluded from

the Class are: (1) Defendant, its subsidiaries, affiliate entities, and employees; and (2) all

federal or state government entities or agencies.

The Clerk of Court is directed to enter the amended judgment, attached hereto as Exhibit A, and

close the case.

      IT IS SO ORDERED.

DATED: August 12, 2024

_____
HONORABLE VINCE CHHABRIA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SIMON AND SIMON, PC d/b/a CITY
SMILES and VIP DENTAL SPAS,
individually and on behalf of all others
similarly situated,

           Plaintiff,

    v.

ALIGN TECHNOLOGY, INC.,

           Defendant.

Case No. 3:20-CV-03754-VC

**AMENDED JUDGMENT**

The Court, having granted summary judgment to the defendant, now enters judgment in favor of the defendant and against the plaintiffs. *See* Dkt. No. 432. Consistent with the Court's Order Granting in Part and Denying in Part the Motion for Class Certification (ECF No. 370), and the Court's Order approving Manner and Form of Class Notice (ECF No. 391), this Judgment applies to all members of the following certified class, with the exception of those individuals who timely requested exclusion as identified in Attachment 8 to the Declaration of Cameron R. Azari, Esq. Regarding Implementation of Notice Program (ECF No. 446-1 (identifying 20 individuals)):

> **Direct Purchasers Class**. All persons or entities in the United States that purchased Invisalign Aligners directly from Defendant Align Technology, Inc. during the period beginning January 1, 2019 through March 31, 2022 (the "Class Period"). Excluded from the Class are: (1) Defendant, its subsidiaries, affiliate entities, and employees; and (2) all federal or state government entities or agencies.

The Clerk of Court is directed to enter this Amended Judgment and close the case.

**IT IS SO ORDERED**

Dated:  August 12    , 2024

_____
VINCE CHHABRIA
United States District Judge