# In the United States Court of Appeals for the Ninth Circuit

———————

Nos. 24-1703 & 24-1783

SIMON & SIMON, PC; VIP DENTAL SPAS,
PLAINTIFFS-APPELLANTS

MISTY SNOW; DANA BOZIAN; EMILY VO; KATIE CAMPBELL; CE-
CELIA GARAY; CELESTE HAMILTON; STEPHANIE RICKENBA-
KER; ANGELA CARNAGHI; JENNIFER EZZIO; JAIME GOOCH;
TRACY MOUND; JUSTIN HANSEN; ELISABETH SKIBBA,
PLAINTIFFS-APPELLANTS

*v.*

ALIGN TECHNOLOGY, INC.,
DEFENDANT-APPELLEE

———————

## RESPONSE TO MOTION OF THE UNITED STATES TO PARTICIPATE IN ORAL ARGUMENT

———————

Defendant-appellee Align Technology, Inc., respectfully opposes the gov-
ernment's request to participate in oral argument to the extent that the gov-
ernment seeks five minutes of argument time in addition to the time currently
allocated to plaintiffs-appellants.  Alternatively, Align requests five additional
minutes of argument time to respond to the government.

1.    The government asserts that it should receive five additional
minutes of argument time "independent of and in addition to the time allocated

(1)

to the parties" because its amicus brief "does not support either side" or take a "position on the disposition of the appeal." Mot. at 2-3. That grossly mischaracterizes the government's position in this case. Although styled as "in support of neither party," the brief is plainly in support of plaintiffs and their legal position.

The government's core argument is that certain factual disputes make summary judgment "inappropriate" in this case and thus that the district court "[e]rred" in granting summary judgment to Align. U.S. Br. 11, 19-20, 22-23 (citations omitted). Among other things, the government credits evidence put forth by plaintiffs' expert to argue that "a reasonable juror could have concluded that [Align's] proffered business reason was invalid or insufficient to justify its conduct." *Id.* at 20. The government claims that Align's reliance on the well-settled mixed-motive framework set forth in *Oahu Gas Service, Inc.* v. *Pacific Resources, Inc.*, 838 F.2d 360 (9th Cir. 1988), is "misplaced" and "unsound as a matter of antitrust policy." U.S. Br. 25-27. And the government argues that plaintiffs need not prove other factors—namely, that a defendant sells the relevant product in an existing market and that it terminated a voluntary course of dealing—to establish a refusal-to-deal claim and that plaintiffs satisfied those factors in any event. *See id.* at 30-33. The government's brief is replete with arguments aimed at Align—not plaintiffs—and it broadly asserts that this case "appears to have the makings of a strong refusal-to-deal

claim." *Id.* at 10. As Align previously explained, the government's arguments are wrong as a matter of law and would make for bad antitrust policy to boot, "dramatically expanding the scope of liability" in refusal-to-deal cases and "transforming a 'rare' and 'limited' exception into the general rule." Align Br. 47 (citation omitted).

In its amicus brief, the government suggests that it styled its brief as in support of neither party "[b]ecause parts of the summary judgment record are under seal." U.S. Br. 1-2. That defies credulity. Given the government's full-throated support of plaintiffs, there can be little doubt where the government stands on the bottom line of this appeal. This is not the first time the Antitrust Division has taken this cute "neither party" approach in this Court. *See, e.g.*, U.S. Br., *Teradata Corp.* v. *SAP SE*, 124 F.4th 555 (9th Cir. 2024) (No. 23-16065). The Court should not entertain the government's efforts to cast its brief as neutral when it clearly favors plaintiffs and is aimed solely at reversal.

2.    Because the government is supporting plaintiffs in all but name, Align respectfully requests that the five minutes the government has requested be taken out of plaintiffs' argument time. Alternatively, if the Court grants the government's request for five minutes of "independent" time, Align requests five additional minutes in order to respond to the government's arguments.

Respectfully submitted,

JAMES M. PEARL                                    /s/ Kannon K. Shanmugam
EMMA FARROW                                       KANNON K. SHANMUGAM
PAUL HASTINGS LLP                                 JAMES DURLING
   *1999 Avenue of the Stars, 27th Floor*    ANNA J. GOODMAN
   *Los Angeles, CA 90067*                    ANNA P. LIPIN
                                                  PAUL, WEISS, RIFKIND,
THOMAS A. COUNTS                                     WHARTON & GARRISON LLP
PAUL HASTINGS LLP                                    *2001 K Street, N.W.*
   *101 California Street, 48th Floor*            *Washington, DC 20006*
   *San Francisco, CA 94111*                      *(202) 223-7300*

ADAM M. REICH
PAUL HASTINGS LLP
   *71 South Wacker Drive, 45th Floor*
   *Chicago, IL 60606*

MICHAEL F. MURRAY
PAUL HASTINGS LLP
   *2050 M Street, N.W.*
   *Washington, DC 20036*

NOAH B. PINEGAR
PAUL HASTINGS LLP
   *200 Park Avenue*
   *New York, NY 10166*

MARCH 11, 2025

## CERTIFICATE OF COMPLIANCE
## WITH TYPEFACE AND WORD-COUNT LIMITATIONS

I hereby certify, pursuant to Federal Rules of Appellate Procedure 27(d)(2)(A), 32(c)(1), and 32(a)(6) that the attached response is proportionately spaced, has a typeface of 14 points or more, and contains 544 words.


MARCH 11, 2025                                        /s/ Kannon K. Shanmugam
                                                     KANNON K. SHANMUGAM